# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| SUZANNE SCIBEK, *individually and on behalf of her minor children*, C.S., J.S., and E.S.; and JACOB SCIBEK,<br><br>        Plaintiffs,<br><br>vs.<br><br>LAURA GEE GILBERT and CRACKER BARREL OLD COUNTRY STORE, INC.,<br><br>        Defendants. | No. 2:20-cv-2638-DCN<br><br>**ORDER** |

       This matter is before the court on plaintiffs Suzanne and Jacob Scibek's (the "Scibeks") motion to reconsider, ECF No. 57. For the reasons set forth below, the court grants in part and denies in part the motion to alter or amend judgment.

## I. BACKGROUND

       This negligence action arises out of a June 13, 2020 collision involving defendant Laura Gee Gilbert's ("Gilbert") vehicle and a golf cart in which plaintiffs C.S., J.S., and E.S. (the "Scibek children") were riding. Prior to the collision, Gilbert had been working in the retail section of defendant Cracker Barrel Old Country Store's ("Cracker Barrel") Summerville, South Carolina location. According to Cracker Barrel's records and surveillance footage, Gilbert clocked out at 7:43 p.m. and was seen driving away in her vehicle from the Cracker Barrel parking lot at 8:00 p.m. Approximately thirty minutes after that, Gilbert's vehicle collided with the golf cart carrying the Scibek children. Gilbert was arrested for driving under the influence of alcohol and later pled guilty to that charge.

1

The Scibeks filed suit against Gilbert and Cracker Barrel on July 16, 2020, asserting negligence claims based on respondeat superior and negligent hiring, training, retention, and supervision.  ECF No. 1, Compl.  On February 9, 2022, the court granted Cracker Barrel's motion for summary judgment.  ECF No. 56.  On February 18, 2022, the Scibeks filed a motion styled as a motion for reconsideration.  ECF No. 57.  Cracker Barrel responded in opposition on March 2, 2022.  ECF No. 58.  The Scibeks did not file a reply, and the time to do so has now expired.  As such, the motion has been fully briefed and is now ripe for the court's review.

## II.  STANDARD

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a court may "alter or amend [a] judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or manifest injustice."  Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010) (citation omitted).  It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e).  See Loren Data Corp. v. GXS, Inc., 501 F. App'x 275, 285 (4th Cir. 2012).

Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  United States v. Harvey, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); see also United States v. Martinez-Melgar, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); Miller v. Mercy Hosp., Inc., 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly

2

erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted).  Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Campero USA Corp. v. ADS Foodservice, LLC, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).  Ultimately, the decision whether to alter an order resulting in judgment pursuant to Rule 59(e) is within the discretion of the district court.  See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995).  Furthermore, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted).

### III.   DISCUSSION

In their motion to reconsider,[1] the Scibeks move for the court to alter or amend its summary judgment order pursuant to Federal Rule of Civil Procedure 59(e) in three respects: (1) to clarify a mistake in the court's rendition of the facts, (2) to remove a footnote from the summary judgment order, and (3) to amend the court's judgment in the Scibeks' favor based on purported errors of law.  The court addresses each category of alleged error in turn.

---

[1] Although the Scibeks' motion was styled as a motion to reconsider, it is not a motion to reconsider an interlocutory order, and both parties agree that Rule 59(e)'s standard for motions to alter or amend governs here.  As such, "[a] motion to reconsider takes the form of a motion to alter or amend a judgment under the Federal Rules of Civil Procedure." Sharif v. Masterson, 2011 WL 9379005, at *1 (E.D. Va. May 17, 2011) (citing E.E.O.C. v. Lockheed Martin Corp., 116 F.3d 110, 111 (4th Cir. 1997)).

### A. Amendment to the Background

The court's prior order indicated that the golf cart that the Scibek children were in during the collision was owned by the Scibeks. The Scibeks request that the court alter the summary judgment order to reflect that the golf cart was not owned by the Scibeks. Both parties consent to the change, and the court amends its summary judgment order to properly reflect that the golf cart was not owned by the Scibeks. The fact does not alter the court's decision.

### B. Footnote Four

The Scibeks object to the following footnote:

> Day's testimony has been subject to veiled accusations that she changed her testimony between the August Call and the writing of her affidavit, either due to the influence of the Scibeks' investigator who drafted the affidavit on Day's behalf or due to the actions of Cracker Barrel counsel during the August Call. However, the resolution of these issues is immaterial to the instant motion.

ECF No. 56 at 12 n.4.

The Scibeks previously filed a motion for sanctions seeking default judgment, see generally ECF No. 22, which courts have stated "is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith," McAllister v. Hunter, 2008 WL 2893037, at *2 (W.D.N.C. July 23, 2008) (citation omitted). In that motion, the Scibeks accused counsel for Cracker Barrel of witness tampering, explaining that it "is a serious crime punishable by jail time." ECF No. 22 at 7. Specifically, the Scibeks argued that "Cracker Barrel attempted to mislead Mackenzie Day with the intent to influence her testimony." Id. at 8. As part of the same argument, the Scibeks included a passage from Mackenzie Day's affidavit where she testified, "I felt intimidated by Milinda [Anderson, Cracker Barrel's manager,] and the attorney so I

went along with Milinda's account," referring to a phone call on August 14, 2021. Id. (citing ECF No. 22-1, Day Aff. ¶ 8). Thereafter, the Scibeks named counsel for Cracker Barrel as a necessary witness based on his involvement in the call, and Cracker Barrel subsequently filed a motion for protective order and motion for sanctions against the Scibeks. See generally ECF No. 33. Counsel for the Scibeks then sought to have counsel for Cracker Barrel disqualified. See ECF No. 35 at 6.

By questioning whether Cracker Barrel "allow[ed] an honest and true airing of the real facts," ECF No. 22 at 10, and then naming counsel for Cracker Barrel as a witness to determine whether "tactics were used to persuade [Day] to change her story and not cooperate with Plaintiffs," ECF No. 35 at 5, the Scibeks clearly argued that the events surrounding the August phone call would weigh on the credibility of the evidence or dictate how it would be perceived. In lieu of describing the lengthy and contentious procedural history, the court briefly noted the existence of the dispute but emphasized that it did not weigh on the court's decision, as the court viewed the evidence in the light most favorable to the Scibeks. The Scibeks oppugn the court's description of the prior filings as "veiled accusations," arguing that they have never accused Day of changing her testimony. However, the Scibeks ignore that when seeking to bring down the heavy hammer of sanctions, they cited to Day's affidavit, which claimed Day acquiesced to Anderson's pressure at least once. Day Aff. ¶ 8 ("I went along with Milinda's account."). Additionally, in their rebuke of the court's footnote, the Scibeks dispute the court's impression of Cracker Barrel's claims, despite the fact that Cracker Barrel has acknowledged that it questioned the authenticity of Day's affidavit. See ECF No. 58 at 10. The Scibeks insist that the investigator present during the drafting of Day's affidavit

5

is beyond reproach. In writing the footnote, the court was merely observing the parties' arguments as it perceived them; it was in no way deciding their merits.

Ultimately, the purpose of the footnote was to acknowledge the parties' prior litigation regarding the August 14 phone call because, ostensibly, the parties believed a reasonable juror might find it relevant. Since the court viewed the evidence presented about Day's condition prior to leaving work at Cracker Barrel in the light most favorable to the Scibeks, it was unnecessary to recount the entirety of the history. Upon review, the court does not find that it would be manifest injustice to include the footnote, as the Scibeks claim. However, since Cracker Barrel ultimately consents to removal of the footnote and because the purpose of the footnote—to advise the parties on where the court stands on those prior issues raised—has been exhausted, the court agrees to amend the order and omit the footnote referencing the parties' prior arguments as the court perceived them. In doing so, the court encourages counsel for the Scibeks to carefully reread the briefs in the future before claiming a so-called "jab" is manifestly unjust, ECF No. 57-1 at 4, as the court at no point indicated that the Scibeks had actually influenced Day's testimony, as the Scibeks suggest.

### C. Errors of Law

Finally, the Scibeks argue that the court should amend its order to reconsider its ruling finding summary judgment in Cracker Barrel's favor because the court confuses sections of the Restatement (Second) of Torts (hereinafter, the "Restatement"), fails to address § 319 of the Restatement, and misstates South Carolina law.

First, the Scibeks argue that in summarizing the Scibeks' argument under the Restatement, the court indicated that the Scibeks cited Restatement §§ 319, 321, and 324,

6

but the court only quoted text in its string citation from §§ 321 and 324.  As the court explained in its summary judgment order, the Scibeks' arguments were largely premised on Cracker Barrel's control over Gilbert.  This is evidenced by the cases cited by the Scibeks.  See Ocotillo W. Joint Venture v. Super. Ct., 844 P.2d 653, 655–56 (Ariz. Ct. App. 1992) (citing Restatement §§ 323 and 324); Russell v. City of Columbia, 406 S.E.2d 338, 340 (S.C. 1991) (citing Restatement § 323).  Although the Scibeks now claim that taking charge or control is a part of the analysis under § 319 of the Restatement vis-à-vis a comment to § 319, they did not present that argument in their response to the motion for summary judgment.  Indeed, the Scibeks only referenced § 319 and its text once in their response to the motion for summary judgment, and they failed to present any argument specifically under that section or connect their authorities to the same.  As such, the court could not have addressed it then and cannot do so upon a motion to amend or alter judgment.  "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones."  Duckworth v. Berryhill, 2017 WL 1528757, at *5 (W.D.N.C. Apr. 26, 2017) (internal quotation marks and citation omitted); see also id. ("It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (internal quotations and citation omitted).  Likewise, "Rule 59(e) motions 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  Melendez v. Sebelius, 611 F. App'x 762, 764 (4th Cir. 2015) (quoting Exxon Shipping Co. v. Baker,

554 U.S. 471, 486 n.5 (2008)).[2] The Scibeks' motion to amend the court's order on grounds not previously raised warrants denial of the motion.

## IV.  CONCLUSION

For the reasons set forth above, the court **GRANTS IN PART** and **DENIES IN PART** the motion to alter or amend judgment.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**April 14, 2022**
**Charleston, South Carolina**

---

[2] As Judge Alex Sanders puts it, the ability to decide a case is a function of the "Lefty Grove Corollary." In one game in which he was not pitching well, Lefty Grove, a star pitcher for the New York Yankees who was elected to Cooperstown in 1947, stood on the mound for an exorbitant amount of time. As a result, the catcher came out to the mound to find out why he stopped pitching. When asked, Lefty told the catcher, "if I don't pitch it, they can't hit it." Since the Scibeks in this case did not "pitch" the particular duty owed by Cracker Barrel under § 319 in their briefings on the motion for summary judgment, the court couldn't hit it.

8